UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TARA LYNN JOHNSON, | Case No. 6:23-cv-00070-MK |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| ST. CHARLES HEALTH SYSTEM, INC., | |
| Defendant. | |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Tara Lynn Johnson ("Plaintiff") filed this action against former employer St. Charles Health System ("Defendant") alleging state and federal law claims of employment discrimination. Before the Court is Defendant's Motion to Dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 12. Plaintiff did not file a response. For the reasons below, Defendant's motion should be denied.

## BACKGROUND

Plaintiff worked as a relief staff registered nurse in the surgical and COVID units of Defendant's largest hospital in Bend, Oregon. ECF No. 1 at ¶ 4 ("Compl."). On August 4, 2021, Governor Brown announced a mandate that all health care workers must be fully vaccinated or subject to weekly COVID-19 testing. The Oregon Health Authority ("OHA") subsequently determined that weekly testing would not be sufficiently effective in addressing patient and co-worker safety risks, and the mandate was changed to require that all health care workers be fully

vaccinated. In the summer of 2021, Defendant announced its intent to impose a COVID-19 vaccine mandate in accord with the mandate. Compl. at ¶ 10. In November 2021, the U.S. Center for Medicare and Medicaid Services imposed a nationwide vaccine mandate for healthcare workers. The U.S. Supreme Court upheld the federal vaccine mandate and affirmed that the vaccine was "necessary to promote and protect patient health and safety." *Biden v. Missouri*, 142 S. Ct. 647, 652 (2022).

Both the state and federal vaccine mandates allowed for exceptions based on religious or disability-related accommodation requests but required that such accommodations not pose a health risk to others, primarily patients and coworkers. Plaintiff, a "lifelong practicing" Christian, did not believe it was consistent with her faith to take the vaccine. Compl. at ¶ 10; ECF No. 14 at 7. Accordingly, Plaintiff applied for a religious exception to the vaccine mandate on or about September 22, 2021. *Id.* Plaintiff's application proposed the accommodations of "screening for illness prior to each shift, frequent Covid-19 testing, [and] additional or enhanced protective gowns, masks, face shields, gloves, or other equipment beyond what may generally be provided to employees returning to the workplace." ECF No. 14 at 7. Plaintiff's application was granted, and she was placed on unpaid administrative leave on October 18, 2021. *Id.* at ¶¶ 11-12. Plaintiff's employment was ultimately terminated. *Id.* Plaintiff filed this action on January 17, 2023, alleging state and federal law claims of employment discrimination based on religious faith.

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Federal*

*Insurance Company*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Los Angeles Lakers,* 869 F.3d 795 at 800. The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## DISCUSSION

Plaintiff's Complaint alleges that Defendant engaged in unlawful employment discrimination based on religion under Title VII of the Civil Rights Act and ORS § 659A.030 by failing to accommodate his religious exemption request. ECF No. 1. at ¶¶ 19-28. ORS § 659A.030 provides that it is an unlawful employment practice for an employer to discriminate

against an individual in the terms and conditions of employment because of a person's race or religion, among other things. ORS § 659A.030(1)(a). Claims brought under this statute are analyzed under the same framework as claims brought under Title VII: by applying the *McDonnell-Douglas* burden shifting framework. *See Dawson v. Entek Int'l*, 630 F.3d 928, 934 (9th Cir. 2011); *Henderson v. Jantzen, Inc.*, 79 Or. App. 654, 657 (1986).

To make out a prima facie case of religious discrimination based on a failure to accommodate a religious exemption request, a claimant must plead sufficient facts to show that (1) she had a bona fide religious belief that conflicted with an employment duty; (2) she informed her employer of the belief and conflict; and (3) the employer took an adverse employment action because of the claimant's inability to fulfill the job requirement. *Peterson v. Hewlett-Packard Co.,* 358 F.3d 599, 606 (9th Cir. 2004). Where an employee requests a religious accommodation, she must plead sufficient facts to show the need for an accommodation also stems from a bona fide religious belief. *Tiano v. Dillard Dep't. Stores, Inc.*, 139 F.3d 679, 682 (9th Cir. 1998).

In *Trans World Airlines, Inc. v. Hardison*, the Supreme Court suggested that, under Title VII, an employer is not required to accept any requested religious accommodation that imposes more than a de minimus cost to the employer. 432 U.S. 63, 84 n. 15 (1977); *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1440 (9th Cir. 1993). In *Groff v. DeJoy*, 600 U.S. ___ (2023), the Supreme Court clarified its holding in *Hardison*, finding that Title VII requires an employer that denies a religious accommodation to show that the burden of granting an accommodation would result in substantial increased costs in relation to the conduct of its particular business. *Id.* at 4-21. In the Ninth Circuit, the circumstances under which a particular accommodation may cause undue hardship must be made in the particular factual context of each case. *American*

*Postal Workers Union, San Francisco Local v. Postmaster General*, 781 F.2d 772 (9th Cir. 1986).

The Oregon Health Authority's administrative rule regarding vaccination requirements for healthcare providers and healthcare staff in healthcare settings, first adopted in August 2021, requires employers to take steps to ensure unvaccinated employees do not increase safety risks. OAR § 333-019-1010(4). Specifically, that rule[1] provides:

> Employers of healthcare providers or healthcare staff, contractors and responsible parties who grant a medical or religious exception to the vaccination requirement in this rule must take reasonable steps to ensure that unvaccinated healthcare providers and healthcare staff are protected from contracting and spreading COVID-19.

*Id.* Plaintiff qualifies as a "healthcare provider" and her employer, the Defendant, was therefore subject to the requirements of OAR § 333-019-1010(4). Plaintiff's proposed alternative protective measures of masking, social distancing, and testing would have therefore required Defendant to adopt measures to monitor Plaintiff's compliance pursuant to OAR § 333-019-1010(4).

Defendant argues that Plaintiff's claims for relief should be dismissed because adopting such measures to monitor Plaintiff's compliance with her suggested accommodations would have posed more than a de minimus hardship as a matter of law, and that therefore Plaintiff cannot state a claim for religious discrimination under state or federal law.[2] Applying the standard for Title VII claims for religious accommodation articulated in *Groff*, the Court disagrees. 600 U.S. at 4-21. Here, there is nothing in the record thus far to show that allowing

---

[1] The Court takes notice of the OARs and of the state and federal vaccine mandates because "these documents are made publicly available by government entities and their authenticity is not disputed." *Vasquez v. Walters*, 555 F.Supp. 3d 1034, 1036 n. 2 (D. Or. 2021) (internal quotation marks and citations omitted).

[2] Defendant takes no position on whether Plaintiff's accommodation request stemmed from a bona fide religious belief.

Page 5 — FINDINGS AND RECOMMENDATION

Plaintiff to adhere to her proposed accommodations – allowing Plaintiff to remain unvaccinated and engaging instead in frequent testing and using additional or enhanced protective equipment – while continuing to work as a relief nurse would constitute an undue hardship by resulting in substantial increased costs in relation to the conduct of Defendant's business. *Groff*, 600 U.S. at 4-21; *see also Heller*, 8 F.3d at 1440. The Court finds that Plaintiff has pled sufficient facts to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. For these reasons, Defendant's motion to dismiss should be denied.

## RECOMMENDATION

For the reasons above, Defendant's motion (ECF No. 12) should be DENIED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R. Civ. P. 72. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 21st day of July 2023.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge